UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>　　v.<br><br>HECTOR ROSARIO-RIVERA (06),<br><br>　　Defendant. | Criminal No. 09-0116 (JAF) |

**OPINION AND ORDER**

Pending before this court is Defendant's "Motion for Reconsideration to Alter or Amend Judgment." (Docket No. 1774.) The Government does not respond. For the reasons discussed below, we deny this motion.

Defendant pleaded guilty on October 27, 2009, to one count of conspiracy to possess with the intent to distribute at least fifty grams of cocaine base ("crack") within 1,000 feet of a protected location, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 860. (Docket No. 605). On March 22, 2010, this court sentenced Defendant to 121 months' imprisonment and a supervised release term of ten years. (Docket Nos. 1360; 1366.) On direct appeal, the First Circuit affirmed his conviction and sentence on October 11, 2011. (Docket No. 1628.) Subsequently, Defendant moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), which this court granted on January 12, 2012, reducing his sentence to 120 months' imprisonment. (Docket Nos. 1659; 1698.)

Criminal No. 09-0116 (JAF)                                                                                             -2-

Defendant now files the present motion for reconsideration, dated March 17, 2012.[1] (Docket No. 1774.)   We frame our analysis using the precept that pro-se pleadings are to be construed liberally.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Petitioner spends less than half of a page on his substantive arguments of: 1) actual innocence, and 2) "the gun enhancement should not be applied in calculating Petitioner's base offense level under the Sentencing Guidelines." (Docket No. 1774 at 3.)  Petitioner invokes Rule 59(e) of the Federal Rules of Civil Procedure as the basis for his motion.  (Id. at 2.)  Such a motion must fail.  Even assuming he could use Rule 59(e) in this criminal case, Rule 59(e)'s (jurisdictional) twenty-eight day time limit would bar consideration of this motion.  Barrett v. United States, 965 F.2d 1184, 1187-88 (1st Cir. 1992).  Moreover, even if he were to style this motion as one under Rule 35(a) of the Federal Rules of Criminal Procedure, Rule 60 of the Federal Rules of Civil Procedure, or as a habeas petition under 28 U.S.C. § 2255, his arguments would fail for a variety of reasons,[2] including their lack of merit, as we discuss below.

Defendant's skimpy first argument fails as underdeveloped.  Merely including one sentence claiming that his motion contains "contains factual basis to support the claim of 'actual innocence' and he is entitled to an evidentiary hearing," without any more on the

---

[1] In his motion, Defendant does not actually specify which judgment he wants us to reconsider or amend, and so we assume that he attacks his amended sentence of 120 months, (Docket No. 1698).

[2] Rule 35(a) of the Federal Rules of Criminal Procedure permits fourteen days to correct clear error, which he does not allege in his motion, which was filed over two months after judgment.  The First Circuit has noted "the obvious proposition that Rule 60(b) of the Federal Rules of Civil Procedure is an inappropriate procedural vehicle to vacate a criminal conviction."  United States v. Wallace, 82 Fed. App'x 701, 701 (1st Cir. 2003).  Additionally, he challenged his sentence on appeal, and to the extent he made such a sentencing factor/enhancement argument on appeal, he would be barred from relitigating that issue on collateral review.  Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1994).  Furthermore, when "a federal habeas petitioner challenges his conviction or sentence on a ground that he did not advance on direct appeal, his claim is deemed procedurally defaulted."  Oakes v. United States, 400 F.3d 92, 95 (1st Cir. 2005).

Criminal No. 09-0116 (JAF)                                                                                                          -3-

subject, does not actually establish a claim of actual innocence. To the extent that his conclusory statement forms an argument, it proves waived. See Cody v. United States, 249 F.3d 47, 53 n.6 (1st Cir. 2001) (ineffective assistance claim raised in a perfunctory manner in § 2255 proceeding deemed waived); United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (arguments not developed on appeal are deemed waived).

Defendant's second argument also proves unavailing. The gun enhancement had no impact on his already-reduced sentence of 120 months.[3] He has challenged his sentence on appeal, where it was affirmed, with the First Circuit explaining that, "to the extent his guidelines sentence was affected by the applicable statutory mandatory minimum, this court has held that the [Fair Sentencing Act's] revisions to statutory minimum sentences are not applicable to defendants, like Rosario-Rodriguez, who were sentenced prior to the statute's August 3, 2010 enactment date." (Docket No. 1628 at 1 (citing United States v. Goncalves, 642 F.3d 245 (1st Cir. 2011)). Defendant's 120-month sentence, based on the statutory minimum sentence applicable at sentencing, would not change even with the reduction in total offense level that Defendant seeks.

For the above reasons, we **DENY** Defendant's motion for reconsideration. (Docket No. 1774.) We note that if Defendant can find any non-defaulted arguments to raise, the proper vehicle to do so would be a challenge under § 2255.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 6th day of June, 2012.

                s/José Antonio Fusté
                JOSE ANTONIO FUSTE
                United States District Judge

---

[3] He received his 120-month sentence after filing a § 3582(c)(2) motion requesting a sentence reduction. (Docket No. 1659.)